W. O. MENGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

H. H. BRICKELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 21589, 21590.   Promulgated October 17, 1929.

*Robert A. Littleton, Esq.*, for the petitioners.
*Jeff T. Jones, Esq.*, for the respondent.

OPINION.

MARQUETTE: The respondent proposed to assess against each of the petitioners the entire amount of the tax heretofore assessed against the taxpayer for the years 1919 and 1920, under authority of section 280 of the Revenue Act of 1926, which provides that:

SEC. 280. (a) The amounts of the following liabilities shall, except as herein-after in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for .refunds) ;

(1) The liability, at law or in equity, of a transferee of property of a tax-payer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Act.

(2) The liability of a fiduciary under section 3467 of the Revised Statutes in respect of the payment of any such tax from the estate of the taxpayer. Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax.

(b) The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows :

(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer ; or

(2) If the period of limitation for assessment against the taxpayer expired before the enactment of this Act but assessment against the taxpayer was made within such period,—then within six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act.

\*       \*       \*       \*       \*       \*       \*

The stipulated facts clearly show that the petitioners are trans-ferees of the taxpayer and that each of them received as a trans-feree assets of a value in excess of the amount of the tax involved

herein. The petitioners contend, however, that a transferee is liable for the tax of the taxpayer only in the proportion the amount of the assets he receives bears to the whole of the assets distributed, and that the respondent should be required to elect against which of the petitioners the deficiency herein should be assessed. They also contend that the period of limitation for assessment against the taxpayer of the tax for 1919 expired on March 15, 1925, which was more than one year before the deficiency notices were mailed to them, and that assessment of the tax against them is now barred.

The first contention made by the petitioners is disposed of by the decisions of this Board in *Grand Rapids National Bank*, 15 B. T. A. 1166; *Annie G. Phillips et al., Executors*, 15 B. T. A. 1218; and *Henry Cappellini et al.*, 16 B. T. A. 802, wherein it was held that under section 280 of the Revenue Act of 1926 any one of two or more transferees of the assets of a corporation, who each received property of a greater value than the deficiency in tax due from the corporation, is liable for payment of the entire deficiency. Upon the authority of the cases cited, we resolve this issue in favor of the respondent.

We are also of opinion that the second contention made by the petitioners is not well taken. The record discloses that the taxpayer's return for the year 1919 was filed on March 15, 1920, and that before the expiration of the five-year period for assessment provided by section 250(d) of the Revenue Act of 1918, and by section 250(d) of the Revenue Act of 1921, the taxpayer and the respondent executed a written waiver or consent to the determination and assessment of the tax on or before December 31, 1925, or within 60 days thereafter in the event a deficiency letter should be sent to the taxpayer and no appeal taken therefrom. The tax for 1919 was assessed against the taxpayer on October 27, 1925, which was within the period for assessment as extended by the waiver, and the deficiency letters were mailed to the petitioners as transferees on October 1, 1926. The petitioners urge, however, that in this case the " period of limitation for assessment against the taxpayer " referred to in section 280 of the Revenue Act of 1926, means the 5-year period for assessment provided by section 250(d) of the Revenue Act of 1918 and section 250(d) of the Revenue Act of 1921, and not that period as extended by a waiver or consent, and that, therefore, the " period of limitation for assessment " expired on March 15, 1925. We can not subscribe to that view. We think that the clear and logical import of the language of section 280(b) of the Revenue Act of 1926 is that the words " period of limitation for assessment against the taxpayer " mean the period within which a valid assessment can be made against the taxpayer, and includes any extended period agreed

upon in writing by the taxpayer and the Commissioner. This view was also expressed by the Circuit Court of Appeals for the Second Circuit in the case of *Loewer Realty Co.* v. *Anderson*, 31 Fed. (2d) 268. In that case the court said:

> Statutes of limitation barring the collection of taxes must receive a strict construction in favor of the government. Limitation will not be presumed, in the absence of clear congressional action.
>
> \* \* \* The plain purpose of section 278 of the Act of 1926, as that of section 278 of the act of 1924, and section 250(d) of the Act of 1921, was to give the Commissioner additional time to assess taxes if he could obtain the consent of the taxpayer \* \* \* it is perfectly consonant with the language of section 278(c) to say that the words "statutory period of limitation applicable thereto" were intended to include both the five years allowed to make the assessment where no extension had been agreed to, and the five years, plus the extended period, in case a waiver had been signed. Each period is "statutory" for the statute provides for them both.

See, also, *A. Cellers et al.*, 16 B. T. A. 411. The "period for assessment against the taxpayer" as we interpret that phrase, did not expire in this instance until March 1, 1926, and as the deficiency letters were mailed to the petitioners on October 1, 1926, they were timely and assessment against the petitioners as transferees is not barred.

*Judgment will be entered for the respondent.*